**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1012
_____

DANIEL TILLI,

Appellant

v.

LEHIGH COUNTY HOUSING AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:14-cv-07395)
District Judge:  Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2016

Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed June 27, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Daniel Tilli appeals pro se from the District Court's order granting summary judgment against him in this civil action. For the reasons that follow, we will affirm that order.

I.

In December 2014, Tilli commenced this action by filing a complaint in the District Court. In June 2015, he filed an amended complaint, alleging as follows. For approximately 17 years, Tilli lived in an apartment building owned by the defendant, the Lehigh County Housing Authority ("LCHA"). In late 2014, LCHA sent Tilli a "notice to move" from the building. Tilli asked to rent another apartment in the building (apartment number 204) but that request was denied. In the amended complaint, Tilli claimed that the "notice to move" and the denial of his request to rent apartment 204 was "clear discrimination" in violation of the Fair Housing Act and the Americans with Disabilities Act. He also claimed that LCHA had retaliated against him "because of a complaint."

In October 2015, Tilli filed a document titled "Plaintiff[']s Dispositive Motions," which the District Court construed as a motion for summary judgment. Shortly thereafter, LCHA filed its own summary judgment motion. In support of its motion, LCHA submitted, inter alia, an affidavit from Corinne MaDouse, the property manager of the apartment building in question. MaDouse averred that, in December 2014, she served Tilli with a notice to vacate his apartment "because from March 2014 to the time the

2

Notice was issued, he breached his lease on numerous and repeated occasions by, *inter alia*, creating and permitting a disturbance at the apartment building and by conducting himself in a manner which disturbed his neighbors' peaceful enjoyment of the premises." (Appellee's Suppl. App. at 53-54.)[1] MaDouse further averred that (a) contrary to Tilli's allegation, he never requested to move to apartment 204, and (b) apartment 204 was not available, for it had been occupied since July 2013.

The day that LCHA filed its motion, the District Court entered an order scheduling the parties' motions for oral argument. In that order, the District Court, mindful of Tilli's pro se status, provided him with detailed instructions about how to respond to LCHA's motion. Tilli later submitted three filings in response to that motion. The District Court subsequently held oral argument and, on December 7, 2015, entered an order that denied Tilli's motion, granted LCHA's cross-motion, entered judgment in favor of LCHA, and directed the District Court Clerk to close the case. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's disposition of the parties' summary judgment motions. See Mylan Inc. v. SmithKline Beecham Corp., 723 F.3d 413, 418 (3d Cir. 2013).

---

[1] On March 11, 2016, the Clerk of this Court granted LCHA's motion to file a supplemental appendix.

In addressing the summary judgment motions, the District Court explained that it had "employed various procedures to aid [Tilli] in articulating and supporting the relevant facts of his case so that his claims could be adjudicated on the merits." (Appellee's Suppl. App. at 115.) Specifically, the District Court noted that it had allowed Tilli to amend his complaint, provided him with contact information for local legal service organizations, rescheduled court proceedings, and provided him with copies of certain procedural rules, all to help "ensure that this case would not rise or fall on a technical mishap." (Id.) The District Court, anticipating the filing of summary judgment motions, "ha[d] also reminded [him] of his need to develop *evidence* to support his allegations," (id.), and went so far as to provide him with detailed instructions about how to respond to LCHA's summary judgment motion. Despite these efforts, the District Court concluded that Tilli's summary judgment motion was "devoid of any evidentiary support," (id.), and that his filings in response to LCHA's motion failed to contest MaDouse's affidavit "with any type of evidentiary support," (id. at 116).

We agree with the District Court that summary judgment in favor of LCHA was warranted. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is

4

sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect,

Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted).

Here, LCHA provided evidence that (a) Tilli was directed to vacate his apartment solely

because he had breached his lease by disturbing others in the building, (b) he never asked

to move to apartment 204, and (c) apartment 204 was otherwise occupied during the

relevant time period. Neither Tilli's summary judgment motion nor his filings in

response to LCHA's cross-motion put forth any evidence that would enable a jury to

reasonably find that LCHA discriminated or retaliated against him.[2] In the same vein,

Tilli's appellate brief fails to cite any record evidence that might bolster his claims.

Accordingly, there is no basis to disturb the District Court's judgment.

In light of the above, we will affirm the District Court's December 7, 2015 order.

Tilli's "Motion and Demand Against Appelles [sic] Motion" is denied.[3]

---

[2] As noted above, Tilli alleged that LCHA retaliated against him "because of a complaint." In support of this allegation, he submitted a copy of the United States Department of Housing and Urban Development's ("HUD") housing discrimination complaint form. The form, which is signed by Tilli, lists himself as the complainant and notes that the complaint is being brought against LCHA. However, the form (which may not have actually been filed with HUD) is dated June 2, 2015, more than five months *after* LCHA directed Tilli to vacate his apartment. Given this sequence of events, a reasonable jury could not conclude that LCHA retaliated against him for making this complaint.

[3] This motion by Tilli argues that LCHA's appellate brief and supplemental appendix are "nul[l] and void" because those documents were filed by Louis C. Long, Esquire (LCHA's attorney-of-record on appeal) rather than Bernard T. Kwitowski, Esquire (LCHA's attorney-of-record before the District Court). This argument is frivolous and requires no further discussion. Tilli also takes issue with the fact that the Clerk of this Court granted LCHA's motion to file its supplemental appendix before he had an



---

opportunity to respond to that motion.  But Tilli has not provided (and we do not see) any reason for denying that motion.  Accordingly, to the extent that Tilli is asking us to vacate the Clerk's March 11, 2016 order permitting LCHA to file its supplemental appendix, that request is denied.